## D. R. BURBANK *v.* ELIZA J. OGDEN, ETC.

**Principal and Agent—Speculation by Agent—Exchange of Currency.**
The appellant as agent of the appellee sold the tobacco in Europe and received in payment therefor, sterling exchange, and this was converted by him into the currency of this country, the exchange bringing a large premium.

**Held,** that the appellant should account to the appellee for the profits derived by him from the sale of the exchange. It was not his money or property but that of his principal, and any speculation indulged in by him in the way of exchanging this currency for green-backs must be accounted for.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

March 20, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

The appellees, in their answer and set off, allege that the appellee Mrs. Ogden in the fall of 1862, and shortly after, delivered to the appellant twenty-two thousand and ninety-five pounds of tobacco under an agreement by which the appellant was to ship the tobacco to some European market, sell it, and apply the proceeds to the note in controversy, and also to the payment of a replevin bond due one McCormick, for about $2,400.00, upon which the appellant was liable as the surety of the appellee.

The amount of moneys paid for the appellee by the appellant is undenied, and the only question presented in the case is as to the amount of money to be accounted for by the appellant derived by him from the sale of the tobacco.

The appellant sold the tobacco in Europe and received in payment therefor sterling exchange, and this was converted by him into the currency of this country, the exchange bringing a large premium.

The debt due on the replevin bond was paid by the appellant in greenbacks, or in the currency of this country, and there is no doubt but what the appellant should be made to account upon some equitable rule as between himself and the appellee for the profits derived by him from the sale of the exchange. It was not his money or property, but that of his principal, and any speculation indulged in by him in the way of exchanging this currency or paper for greenbacks must be accounted for.

On the 13th of February, 1863, the replevin bond was satisfied and discharged by the appellant by a bill of exchange drawn on his mercantile house in England, and for which he obtained greenbacks as appears from the depositions of the sheriff, Fred Rutlinger. Sterling exchange was worth less at that time than for a year afterwards, and the appellant having the right to apply the tobacco to the payment of his debt, and in fact *interested* in it to that extent by reason of his having advanced the money, should be made to account for the premium at that date, or so much of the sterling exchange as with the premium added would satisfy the debt.

The note to Mrs. Ogden matured to him in March, 1863, and he should be required to account for the premium at that date

in the same way, on so much of the exchange as would satisfy that debt, the appellant under the agreement had the right to apply the tobacco to the payment of his debts and he should be made to account for the premium at the time he had the right to so apply it; this we think is the equity of the case. There is no doubt but what the appellant did so apply it, and this accounts for his failure to sell it for so long a time; this failure to sell, however, does not release him from responsibility for the marketable value of the tobacco within a reasonable time after it was delivered to him for sale.

There is some difficulty, however, in arriving at the amount of money for which the appellant should be held accountable. It was the duty of the appellant under the authority given him by the appellee to dispose of the tobacco in a reasonable time after its arrival in market.

There was nothing, so far as this record shows, to have prevented him from selling this tobacco in the fall of the year 1863, and the early part of the winter of 1864; he had no authority to hold on to the tobacco for higher prices; its marketable value during this period was an inducement in part for holders to dispose of their stock in this article.

The appellant should be made to account for the average value of such tobacco in the market in Europe, where this tobacco was sold for and during the fall and winter of 1863 and 1864.

The proof in regard to the value of the tobacco is so unsatisfactory that this court cannot well fix the price, and with a view of having a proper and equitable adjustment of the rights of the parties, the case is reversed on both the original and cross-appeal, with directions to the court below to permit parties to take additional proof, if they desire, only upon the value of the tobacco, within the periods indicated by this opinion.

The reversal of the case either on the original or cross-appeal is not to affect any judgment as to the amount hereafter to be rendered between the parties.

The original opinion having been lost or mislaid, this is directed to be entered as the judgment of this court and so certified. The petition for a rehearing is overruled.

*Vance, for appellant.*

*Yeaman, Bush, for appellees.*